IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles V. Petrunak,                              Case No. 3:14 CV 494

                              Plaintiff,          MEMORANDUM OPINION
                                                  AND ORDER

              -vs-

                                                  JUDGE JACK ZOUHARY
St. Joseph's Church, et al.,

                              Defendants.


        Plaintiff files this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, against Defendants St. Joseph's Catholic Church and Rev. Keith Stripe.  In July 2013,

Plaintiff applied for the position of Director of Music at St. Joseph's.  He auditioned for the position

and was quizzed on his knowledge of Catholic doctrine and the Catholic mass.  He had two further

interviews in September 2013.  Reverend Stripe then emailed Plaintiff, stating Plaintiff would not

be hired for the position because he lived with "Lucy," his domestic partner, outside of marriage.

Reverend Stripe explained that if Plaintiff ceased living with Lucy, Reverend Stripe would consider

him for the position, if it was then vacant.  In the past, Plaintiff worked as a music director at other

Catholic churches, but neither his marital status nor his religious background barred him from those

positions.  He claims Defendants discriminated against him on the basis of religion, and now seeks

(among other forms of relief) $1.5 million in "restitution."

        Although this Court must liberally construe *pro se* pleadings,  *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam), this Court must dismiss an *in forma pauperis* action under 28 U.S.C.

§ 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the district court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*

Plaintiff claims Defendants -- a Catholic church and its pastor -- refused to hire him because his lifestyle was inconsistent with Catholic doctrine.  Title VII bars an employer from "discharg[ing] any individual[] or otherwise to discriminat[ing] against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a).  But the Act expressly exempts religious organizations from the prohibition against discrimination on the basis of religion: "This subchapter shall not apply to . . . a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities."  42 U.S.C. § 2000e-1(a).  *See also Hall v. Baptist Memorial Health Care Corp.*, 215 F.3d 618, 623–24 (6th Cir. 2000).  The decision to employ individuals "of a particular religion" under Section 2000e-1(a) includes the decision to refuse to hire an individual or to terminate an employee whose conduct or religious beliefs clash with those of the religious organization.  *Id.* (citing *Little v. Wuerl*, 929 F.2d 944, 951 (3rd Cir.1991) (concluding the Title VII religious-organization exemption extends to a parochial school's decision to terminate a tenured, married

-2-

Protestant teacher who failed to seek an annulment of a previous marriage according to Catholic teachings)).  Because Title VII does not extend to Defendants' refusal to hire Plaintiff (assuming that refusal was on account of Plaintiff's religion or failure to abide by Defendants' view of Catholic doctrine), the Complaint fails to state a claim upon which relief may be granted.

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e).  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted.  Further, this Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


*s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 5, 2014

-3-